## SUPREME JUDICIAL COURT

FOR THE COUNTY OF

## OXFORD,

### SEPTEMBER TERM

### 1821.

---

### CLEMENT *v.* DURGIN.

An award good in part and bad in part may be sustained for that which is good; unless the bad part is manifestly intended as the consideration, in whole or in part, of that which is good; in which case the whole is void.

THIS was a complaint to the Circuit Court of Common Pleas pursuant to *Stat.* 1795. *ch.* 74. respecting the support and regulation of Mills; in which the complainant alleged that he was seized in fee of a certain tract of land in *Fryeburg*, and that the respondent erected and kept up a mill dam across a brook there, and by means thereof caused the water of the brook to overflow his land, and destroy his timber, wood and grass growing thereon; and praying that a warrant might issue to the Sheriff, to summon and impannel a jury, to appraise the *yearly damages* done to the complainant by such flowing, and *how far the same was necessary*, as the statute directs.

The respondent pleaded in bar an arbitration and award upon the matter of the complaint, setting forth in his plea the arbitration-bond, the condition of which was as follows,—" whereas the above-named *Daniel Clement* has agreed to [submit] the " damage *he has sustained or may hereafter sustain* in consequence " of having his land flowed, being and lying on *Lovel's* brook, so " called, in said *Fryeburg*, in consequence of a mill-dam erected " by said *Durgin*, said land being a part of his house-lot, and " agrees to receive such sum as shall be awarded him by *Samuel*

Clement *v.* Durgin.

" *Charles, Samuel Nevers,* and *John Bradley,* whose opinion and
" determination is to be binding upon the said *Durgin* and
" *Clement* relative to the damage the said *Clement* has sustained
" and *may hereafter* [*sustain*] *by the flowing aforesaid,* and also *all*
" *other claims and demands* are submitted to the aforesaid referees,
" whose opinion and determination is to be final and conclu-
" sive, taxes and notes of hand excepted. Now if the above
" named *Clement* well and truly abide by and keep the above
" conditions, then", &c. —— and alleged that the referees took
upon themselves the burthen of determining the controversy, that
they met and heard the parties, and made and published their
award in writing under their hands, as follows, viz :—" We the
" undersigned hereby agree and determine that the within named
" *Joshua Durgin* pay to the within named *Daniel Clement* the
" sum of three dollars and fifty cents in full of all claims sub-
" mitted as within expressed, and in full of all damage the said
" *Clement has sustained or may hereafter sustain* by reason of hav-
" ing his land flowed by said *Durgin's* mill-dam ; said *Durgin*
" not to raise his dam, or *the dam not to be raised hereafter more*
" *than three feet above the present height*",——and averred that his
dam has not been raised higher since the date of the bond,
and pleaded a tender and refusal of the sum thus awarded by
the referees.

To this the complainant replied, setting forth *in hæc verba* a
bond and condition, which appeared to be a counterpart to that
set forth by the respondent, together with a similar award,
" which said award, so made as aforesaid, the said *Bradley,*
" *Nevers* and *Charles* had no authority or power by virtue of
" said writing obligatory to make, and which said award is not
" mutual, certain, or final between the said *Clement* and the said
" *Durgin.* And this", &c.

Whereupon the respondent demurred generally, and the
complainant joined in demurrer.

*Longfellow and Bradley, for the respondent,* argued that the re-
plication was bad ; being a discontinuance, because it contained
no answer to the plea, and a departure, as it did not support the
complaint.

The plea in bar, they contended, disclosed a sufficient and
legal answer to the complaint. The agreement was a submis-

sion of all demands between the parties. The complainant demanded damages for the flowing of his land, and the respondent claimed the right to raise a head of water sufficient for his purpose. These conflicting claims would have been settled by a jury pursuant to the statute, but the parties resorted to another tribunal, which it is obvious they intended to clothe with the same powers. The referees, thus substituted for a jury, have proceeded to do what a jury would have done, in assessing damages for the past flowing, and limiting the height of the dam, thus indicating how far such flowing may be necessary ; and if they have assessed no *yearly* damages for the future, it must be intended that in their judgment none would be sustained.

*Fessenden, for the complainant,* contended that whether the replication be well or ill was of no consequence, the award set forth in the bar being materially bad. The question as to the *future height* of the dam was never submitted to the referees, and in attempting to limit it they have exceeded their authority, and the award, as to this part of it, is void. This fault in the award contaminates the whole ; for the referees have awarded damages generally, and it does not appear that the permission to increase the height of the dam was not the principal cause why any damages were given. The different parts of the award being dependent on each other, if one is bad, the whole is of no effect. *Pratt v. Hackett,* 6 *Johns.* 13. *Towne v. Jaquith,* 6 *Mass.* 46. *Schuyler v. Van Der Veer,* 2 *Caines* 235. *Peters v. Pierce,* 8 *Mass.* 398. *Winch & al. v. Sanders, Cro. Jac.* 584.

WESTON J. delivered the opinion of the Court, as follows.

We are well satisfied that by the rules of pleading the replication is bad, it neither traversing nor avoiding the bar ; but if the bar be also bad, the complainant must notwithstanding have judgment.

Without considering other objections urged against the plea in bar, it is contended that in the award therein set forth, the arbitrators have exceeded their authority in permitting the respondent to raise his dam to a height not exceeding three feet. That they have assigned to him this privilege, although deducible by inference rather than given in direct terms, we have no doubt is the fair and natural import of the language used. The injury

Clement v. Durgin.

complained of arose from the flowing occasioned by the dam, as it *then existed*, and the damage which the complainant had then sustained, or which he might afterwards sustain by *that dam*, the arbitrators were alone, by the terms of the agreement of the parties, authorized to determine.

But it is insisted that as the arbitrators were substituted for the jury, and as one of the points to be settled by them as provided by statute is, what head of water it may be necessary for the respondent to raise, the arbitrators might rightfully authorize the raising of the dam. To this it may be replied, first, that it was competent for the parties to settle their controversy upon such terms as might be satisfactory to them, whether they conformed to the usual course of proceedings as regulated by statute or not, and that therefore for these terms we can look only to their argument: and, secondly, that if the arbitrators might and ought to have done what the law prescribes to the jury, they have not done it; not having determined what head of water was *necessary*, and what was the *annual* damage occasioned by the flowing. And we are all of opinion that in permitting the respondent to raise his dam, the arbitrators exceeded their authority. This part of their award is therefore clearly bad.

It is true that an award good in part and bad in part, may generally be sustained for the unobjectionable part; and that which is bad may be rejected. But there is an exception to this rule, where the bad part of an award is manifestly intended as the consideration in whole or in part of that which is good; in which case the whole must be set aside as void. *Pope v. Brett*, 2 *Saund.* 293. and *note* 1. In the present case, the other parts of the award are plainly connected with, and dependant at least in part upon, the unauthorized provision and privilege.

Although the sum awarded to the plaintiff is apparently small, yet as there were other mutual demands between the parties, and this sum being a balance in full of all claims submitted, as well as for damage sustained or to be sustained by reason of the flowing, it does not appear that a much larger sum might not have been allowed on this account, which may have been partially offset by opposing claims. What influence the privilege of raising the dam to a height not exceeding three feet

awarded to the respondent, might have had in the estimate of damages, we have no means of ascertaining. But as a privilege valuable and important to the one, and calculated to occasion further injury to the other, it must be presumed to have had an influence; and being unauthorized and necessarily interwoven with the damages awarded, the whole proceedings are thereby vitiated.

It results therefore that the plea in bar being bad, inasmuch as the award therein set forth and relied upon is to be rejected and void, there must be

*Judgment for the complainant.*

*Vid. Lyle v. Rodgers,* 5 *Wheat.* 394. 406.